**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Amy C. Mason,                                              Case No. 3:19CV779

           Plaintiff

     v.

                                                     **ORDER**

Mark Siebert, et al.,

           Defendants

*Pro se* plaintiff Amy C. Mason has filed a civil rights complaint under 42 U.S.C. § 1983 against defendants Mark Siebert; Trina and David Elieff; attorney William Huber; retired state-court judge James Rapp; Loren D. Siebert; Gary M. Siebert; and Mark Siefring. (Doc. 1).

Construing plaintiff's allegations liberally, she appears to contend that Trina and David Elieff, and Mark, Loren, and Gary Siebert, are family members with whom she has disputes regarding the administration of her mother's and father's estates (the EM and GM Siebert Estates) and other matters, including the custody of her children.

Plaintiff also appears to allege that Judge Rapp is presiding over a probate case involving the GM Siebert Estate and that he violated her rights by making rulings adverse to her. Among other things, she contends that Judge Rapp discriminated against her, jailed her, forced her to step down as Executor and appointed his friend (attorney Huber) as the new administrator, and allowed civil actions and false claims to be brought against her.

Plaintiff further alleges that Mark Siefring, a "private citizen" (Doc. 14 at 1), caused her public humiliation by "call[ing] the Police on the Plaintiff for an unqualified misdemeanor arrest warrant." (Doc. 1 at 12).

The plaintiff broadly claims that all of the defendants acted under color of law and caused her extreme mental and physical anguish. (*Id*. at 11). As a result, she contends that she has been "criminaliz[ed]," deprived of her rightful inheritance, is homeless, and that her children have been "adopted out." (*Id*. at 12). Among other relief, she seeks $16,666,666.66 in damages for "Conspiracy Against [her] Rights Under the Color of Law." (*Id*. at 17).

All defendants except Mark Siebert have filed motions to dismiss the plaintiff's complaint, contending that it fails to state a claim for relief as against them. (Docs. 4, 5, 7, 10, 12, 15). Plaintiff has filed a memorandum in opposition. (Doc. 14). For the reasons stated below, I grant the defendants' motions and dismiss the plaintiff's claims against Mark Siebert *sua sponte*.

**Standard of Review**

To survive dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, a "complaint must present enough facts to state a claim to relief that is plausible on its face." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). When adjudicating a motion to dismiss for failure to state a claim, a court must presume the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Id.*

**Discussion**

The plaintiff's complaint cannot survive a Rule 12(b)(6) analysis.

First, even liberally construed, it fails to state a plausible § 1983 claim against any defendant.

To prevail on a § 1983 claim, a plaintiff must establish that a person acting "under color of state law . . . caused the violation of a federal right." *Thomas v. Nationwide Children's Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018). But here, the plaintiff's siblings, her family members, and Mark Siefring are private individuals; none are government officials or employees. "A plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

"Under some circumstances . . . the conduct of private parties may be deemed to be state action," *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007), but "simply alleging in a complaint" that a private defendant is a state actor is insufficient to make out a claim. *Marie v. American Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014).

To demonstrate state action, a plaintiff must set forth specific "factual allegations in [her] complaint giving rise to a reasonable inference" that a private individual acted under color of state law. *Id.* Generally, "unverifiable allegations of 'corruption' that center on a series of outcomes that have gone against" a plaintiff in a legal dispute do not show that a private individual engaged in state action. *Tahfs*, 316 F.3d at 592.

The plaintiff has not alleged facts in her complaint or opposition brief sufficient to give rise to a plausible inference that her siblings, her family members, or Mark Siefring were state actors or unlawfully conspired with state actors. Nor has she plausibly alleged that attorney Huber engaged in state action. *Cf. White v. Robertson-Deming*, 9 F. App'x 418, 419–20 (6th Cir. 2001) (court-appointed lawyers are not state actors for purposes of § 1983).

Second, the plaintiff has alleged no plausible claim against Judge Rapp.

Judges enjoy absolute immunity "from suits arising out of the performance of their judicial functions," even if it is alleged that a judge acted corruptly or with malice. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012). "Absolute judicial immunity is overcome only when a judge engages in non-judicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction." *Wright v. Kinneary*, 46 F. App'x 250, 252 (6th Cir. 2002).

Plaintiff's complaint implicates neither exception. Her allegations pertain to actions taken by Judge Rapp in his judicial capacity and within the scope of his jurisdiction. *See Goldberg v. Maloney*, 57 F. App'x. 664 (6th Cir. 2003) (probate judge entitled to judicial immunity in §1983 suit).

In her opposition brief, the plaintiff asserts that this is a "land dispute and a money dispute" over which the court may exercise diversity and/or removal jurisdiction. (Doc. 14 at 1.) But plaintiff has not set forth cogent allegations regarding any plausible claims over which the court may exercise diversity or removal jurisdiction; nor has she demonstrated a valid basis for the exercise of such jurisdiction. The liberal construction afforded *pro se* pleadings "does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

**Conclusion**

It is, therefore,

ORDERED THAT

1. The motions to dismiss of defendants Gary Siebert (Doc. 4), Loren Siebert (Doc. 5), Mark Siefring (Doc. 7), David and Trina Elieff (Doc. 10), Judge James Rapp (Doc. 12), and William Huber (Doc. 15) be, and the same hereby are, granted with prejudice; and

2. The plaintiff's complaint against defendant William Siebert is dismissed *sua sponte* with prejudice on the ground that plaintiff's complaint against him does not plausibly allege state action.

3. All other outstanding motions (Doc. 11) be, and the same hereby are, denied as moot.

4. I further certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and none shall be allowed absent prepayment of the filing fee.

So ordered.

/s/ James G. Carr  
Sr. U.S. District Judge